ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| DUI, INC. DBA IMAGE FIRST<br><br>Apelantes<br><br>v.<br><br>NATURAL VENTURES P.R., LLC.; PUERTO RICO INDUSTRIAL COMERCIAL HOLDINGS, LLC.<br><br>Apelados | KLAN202300425 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2021CV03574<br><br>Sobre: Cobro de Dinero, Ejecución de Cláusula Penal |
|---|---|---|
| DUI, INC. DBA IMAGE FIRST<br><br>Peticionario<br><br>v.<br><br>NATURAL VENTURES P.R., LLC.; PUERTO RICO INDUSTRIAL COMERCIAL HOLDINGS, LLC.<br><br>Recurridos | Consolidado<br><br>KLCE202300632 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2021CV03574<br><br>Sobre: Cobro de Dinero, Ejecución de Cláusula Penal |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores

**Figueroa Cabán, Juez Ponente**

**SENTENCIA EN RECONSIDERACIÓN**

En San Juan, Puerto Rico a 22 de diciembre de 2023.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia Enmendada*, emitida por el Tribunal de Primera Instancia, el 12 de abril de 2023, mediante la cual se declaró ha lugar la *Moción de Sentencia Sumaria* presentada por PRICH.

**-I-**

El 7 de septiembre de 2023 este Tribunal Intermedio dictó una *Sentencia* mediante la cual revocó la *Sentencia Enmendada* emitida el 12 de abril de 2023

por el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI. En lo aquí pertinente, el Tribunal de Apelaciones dejó sin efecto aquella parte de la *Sentencia Enmendada*[1] que declaró con lugar una *Moción de Sentencia Sumaria* presentada por Puerto Rico Industrial Commercial Holdings Biotech, Corp., en adelante PRICH y, en consecuencia, desestimó la causa de acción de DUI contra PRICH.

Este Tribunal de Apelaciones, específicamente, determinó que existe controversia en torno a si PRICH adquirió el contrato celebrado entre Natural Ventures, PR, LLC, en adelante Natural Ventures, y DUI. Además, sostuvo que no se encontró en el expediente el *Private Asset Purchase Agreement*, en adelante *Purchase Agreement*, entre DUI y Natural Ventures.

Oportunamente, PRICH solicitó reconsideración de la *Sentencia* dictada por el Tribunal de Apelaciones. Invocó, en síntesis, dos argumentos: 1) que el *Purchase Agreement* se encontraba en el expediente como Anejo 5 de la *Moción de Sentencia Sumaria* de PRICH y 2) en la apelación, DUI no presentó señalamiento de error alguno relacionado con la porción de la *Sentencia Enmendada* que desestimó la reclamación de DUI contra PRICH.

En desacuerdo, DUI se opuso a la reclamación de PRICH. Arguyó que el *Purchase Agreement* era un contrato entre Natural Ventures y PRICH, que no vinculaba a DUI. Además, PRICH le notificó que era el nuevo dueño, pidió la continuación de los servicios, emitió pagos por facturas y eventualmente, canceló el contrato. A su entender, lo anterior establece una controversia en

---

[1] Apéndice X del apelante.

torno a si PRICH adquirió el contrato entre DUI y Natural Ventures.

**-II-**

**A.**

Reiteradamente se ha resuelto que en materia de obligaciones y contratos rige el principio de la autonomía contractual entre las partes.[2] Esto implica que las partes pueden establecer los pactos, cláusulas y condiciones que tengan por convenientes, siempre que no sean contrarios a las leyes, la moral y el orden público.[3] Además, conforme a nuestro ordenamiento civil, el contrato queda perfeccionado solo si convergen el consentimiento de los contratantes, el objeto cierto que sea materia del contrato y la causa de la obligación.[4] Asimismo, el Artículo 1223 del Código Civil de Puerto Rico de 2020,[5] en adelante CC-2020, establece el principio general de que las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse según lo contratado. Al respecto, el Tribunal Supremo de Puerto Rico ha establecido que cuando los términos de un contrato son claros y no dejan duda sobre la intención de los contratantes, se seguirá el sentido literal de sus cláusulas.[6]

Por otra parte, resulta conveniente destacar que la eficacia de los contratos sobre terceros es una posibilidad contemplada en nuestro CC-2020, en tanto:

---

[2] *Coop. Sabaneña v. Casiano Rivera*, 184 DPR 169, 173 (2011).
[3] *Demeter Int'l v. Srio. Hacienda*, 199 DPR 706, 727-728 (2018); *Oriental Bank v. Perapi et al.*, 192 DPR 7, 15 (2014).
[4] 31 LPRA sec. 9771.
[5] 31 LPRA sec. 2994.
[6] *Consejo de Titulares del Condominio Acquamarina v. Triple-S Propiedad Inc.*, 210 DPR 344, 359 (2022).

Una o ambas partes pueden reservarse al contratar la facultad de designar, posteriormente, a un tercero para que asuma su posición en el contrato, salvo en los casos en los que no puede contratarse por representante o si la determinación de los sujetos es obligatoria al momento de contratar. Una vez designado, dentro del plazo establecido por las partes o, en su defecto, dentro del plazo de treinta (30) días, si el tercero asume su posición contractual, el estipulante debe comunicarlo al otro contratante. El contrato produce efectos entre las partes originarias hasta que se verifica la comunicación, y desde entonces, con carácter retroactivo, queda obligado el tercero y liberado el estipulante.[7]

Finalmente, el tribunal está facultado para velar por el cumplimiento de los contratos. No tiene facultad, sin embargo, para relevar a una parte del cumplimiento de su obligación contractual cuando dicho contrato sea legal, válido y no contenga vicio alguno.[8]

**B.**

En lo aquí pertinente, el *Purchase Agreement* dispone lo siguiente:

. . . . . . . .

ARTICLE II SALE AND TRANSFER OF ASSETS; CLOSING

2.2 **Excluded Assets.** Notwithstanding anything to the contrary contained in Section 2.1 or elsewhere in this Agreement, the following assets of Seller (collectively, the "Excluded Assets") are not part of the Contemplated Transactions, are excluded from the Assets **and shall remain the property and responsibility of Seller after the Effective Date:**

[…]

(d) **Any liens, obligations, liabilities or incumbrances not specifically consented to by Buyer under this Agreement.**

[…]

2.4 Liabilities.

(a) Assumed Liabilities. On the Effective Date, Buyer shall assume and agree to discharge only the following Liabilities of Seller (the "Assumed Liabilities"):

---

[7] 31 LPRA sec. 9811.
[8] *Mercado Quilichini v. UCPR*, 143 DPR 610 (1997). Véase también, *De Jesús González v. A.C.*, 148 DPR 255, 271 (1999), *Oriental Financial v. Nieves*, 172 DPR 462, 471 (2007).

(i). any Liability of Seller arising after the Effective Date related to the Assets.

(b) **Excluded Liabilities**, The Excluded Liabilities shall remain the sole responsibility of, and shall be retained, paid, performed and discharged solely by, Seller. "Excluded Liabilities" shall mean every Liability of Seller other than the Assumed Liabilities, including:

(i) any Liability not assumed by Buyer under Section 2.4(a) above;

**(ii) any Liability of Seller in connection with Seller's Creditors;**

(iii) any Liability of Seller in connection with Seller's Existing Proceedings; and

**(iv) any Liability of Seller based upon Seller's acts or omissions occurring before or after the Effective Date.**

. . . . . . . .

ARTICLE VII INDEMNIFICATION; REMEDIES

**Seller agrees to defend, indemnify and hold harmless Buyer and its Related Persons** (collectively, the "Buyer Indemnified Persons"), and will reimburse the Buyer Indemnified Persons for any loss, liability, claim, damage, expense (including, without limitation, any reasonable legal, accounting or other expenses for investigating or defending any actions or threatened actions and any loss of profits or earnings, or diminution in value or other such damages) or diminution of value whether or not involving a Third-Party Claim (collectively, "Damages"), as a result of, related to, arising from or in connection with:

[…]

(i) **the DUI Litigation.**[9]

**-III-**

Corroborado que el *Purchase Agreement* obra en el expediente como Anejo 5 de la *Moción de Reconsideración*, presentada por PRICH el 22 de septiembre de 2023 y que a su vez, dicho documento forma parte de la *Moción de Sentencia Sumaria*, presentada por dicha parte ante el TPI, el 5 de octubre de 2022, estamos en posición de resolver.

Mediante reconsideración de la sentencia dictada por el Tribunal de Apelaciones, PRICH aduce que el

---

[9] Anejo 5 de la Moción de Sentencia Sumaria del apelado. (Énfasis suplido).

*Purchase Agreement* se encontraba en el expediente como Anejo 5 de la *Moción de su Sentencia Sumaria* y que en ausencia de error relacionado con la desestimación de la reclamación de DUI contra PRICH, debe prevalecer la determinación del TPI en la *Sentencia Enmendada*.

En desacuerdo, DUI arguye que el *Purchase Agreement* no lo vincula, pues se trata de un contrato entre Natural Ventures y PRICH. En su opinión, existe una controversia en torno a si PRICH adquirió el contrato entre DUI y Natural Ventures porque PRICH le notificó que era el nuevo dueño, pidió la continuación de los servicios, emitió pagos por facturas y eventualmente, canceló el contrato.

A la luz del derecho previamente expuesto y de las cláusulas precitadas del *Purchase Agreement*, determinamos que PRICH no responde por las obligaciones de Natural Ventures, no consentidas por PRICH, ni por las obligaciones que emanen de litigios de DUI. Veamos.

Conforme lee el Art. II sección 2.2 del *Purchase Agreement*, las partes pactaron que el vendedor retendrá la responsabilidad exclusiva de las obligaciones, gravámenes y responsabilidades no consentidas por el comprador en el contrato. Además, acordaron que el vendedor respondería por cualquier responsabilidad asumida y relacionada con sus acreedores o procedimientos existentes, o que resultara de las acciones u omisiones del vendedor antes o después de la fecha de efectividad del contrato.

También, en el Art. VII sección 7.2, el contrato dispone que en caso de un litigio en el que DUI sea parte, el vendedor queda obligado a indemnizar al comprador por cualquier pérdida, demanda,

responsabilidad, daño o gasto; indistintamente de si se trata o no de una demanda instada por un tercero.

Por lo tanto, procede revocar parcialmente nuestra *Sentencia* de 7 de septiembre de 2023, que sugiere que PRICH puede responder a DUI bajo el contrato que este último suscribió, el 29 de noviembre de 2021, con Natural Ventures.

**-IV-**

En consecuencia, se confirma la *Sentencia Enmendada*, emitida por el Tribunal de Primera Instancia, el 12 de abril de 2023, mediante la cual se declaró ha lugar la *Moción de Sentencia Sumaria* presentada por PRICH y se le exoneró de cualquier responsabilidad que surgiera del litigio entre DUI y Natural Ventures. El resto de nuestra *Sentencia*, del 7 de septiembre de 2023, permanece inalterado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                    Lcda. Lilia M. Oquendo Solís
               Secretaria del Tribunal de Apelaciones